UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

J & J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

-against-

THE NEST RESTAURANT & BAR INC., HAIMDATH
SUKHDEO, and NALINI GARIB SUKHDEO,

                Defendants.
------------------------------------------------------------X

MEMORANDUM & ORDER

17-CV-4107 (NGG) (RER)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ AUG 31 2018 ★
BROOKLYN OFFICE

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff J & J Sports Productions, Inc., initiated this action on July 11, 2017, asserting claims under Sections 553 and 605 of the Communications Act of 1934 (the "Act"), 47 U.S.C. §§ 553, 605, against Defendants The Nest Restaurant & Bar Inc. (the "Defendant Establishment" or "The Nest"), and Haimdath Sukhdeo and Nalini Garib Sukhdeo (the "Individual Defendants"). (Compl. (Dkt. 1).) Defendants have not appeared in this action and have failed to answer or otherwise respond to the complaint.

Before the court is Plaintiff's motion for default judgment (Mot. for Default J. ("Mot.") (Dkt. 10)), which the undersigned referred to Magistrate Judge Ramon E. Reyes, Jr., for a report and recommendation ("R&R"). (Apr. 20, 2018, Order Referring Mot.) On August 7, 2018, Judge Reyes issued an R&R in which he recommended that the court (1) grant the motion as to the Defendant Establishment but deny it as to the Individual Defendants; (2) award Plaintiff $3200.00 in damages and costs; and (3) deny Plaintiff's request for pre-judgment interest. (See R&R (Dkt. 13).) Plaintiff timely objected to the R&R, arguing that the court should reject the

1

R&R's findings as to liability for the Individual Defendants. (See Pl. Objs. (Dkt. 15).)[1] Defendants have not responded to Plaintiff's objections and the time to do so has passed. For the following reasons, the court OVERRULES Plaintiff's objections, ADOPTS IN FULL the R&R, and accordingly GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment.

## I. BACKGROUND

### A. Factual Allegations

Because Defendants have defaulted, the court "is required to accept all of [Plaintiff's] factual allegations as true and draw all reasonable inferences in [Plaintiff's] favor." Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009); see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 187-88 (2d Cir. 2015).

Plaintiff entered into a closed-circuit television license agreement whereby Plaintiff received exclusive rights to exhibit and sublicense the July 12, 2014, professional boxing match between Saul Alvarez and Erislandy Lara, including undercard and preliminary bouts (collectively, the "Event"). (Compl. ¶ 7.) The transmission of the Event was electronically coded such that it could only be received using special decoding equipment. (Id. ¶ 12.) Establishments that contracted with Plaintiff—or with Plaintiff's sublicensee, G&G Closed Circuit Events, Inc.—were entitled to televise the Event, and were provided with the necessary decoding equipment. (Id. ¶¶ 13-14.)

The Defendant Establishment is a corporation organized under the laws of New York and operating in Richmond Hill, New York, with the Individual Defendants as its "officer[s], director[s], shareholder[s], and/or principals." (Id. ¶ 5.) Defendants never contracted with

---

[1] Plaintiff also states its objection to "the amount of damages assessed against Defendant The Nest Restaurant & Bar, Inc." (Pl. Objs. at 1), but does not further address this point anywhere in its briefing. (See id.)

2

Plaintiff to screen the Event. (Id. ¶ 13.) Nonetheless, on July 12, 2014, Defendants intercepted the interstate communication of the Event and screened it within the Defendant Establishment. (Id. ¶ 15.) An auditor observed that approximately 35 patrons were present in the Defendant Establishment during the screening of the Event. (Audit Report of Savendra Somdat (Dkt. 11-1).)

### B. Procedural History

Plaintiff filed its complaint in this court on July 11, 2017 (Compl.), and service was properly executed on each defendant (Summons (Dkt. 5); Summons (Dkt. 6); Summons (Dkt. 7)). Defendants failed to appear or answer. On November 16, 2017, the Clerk of Court entered a certificate of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Clerk's Entry of Default (Dkt. 9).) Plaintiff moved for default judgment on November 28, 2017, seeking an order of default judgment awarding statutory damages, enhanced damages, pre-judgment interest, and litigation costs (exclusive of attorney's fees). (See Mot.; Mem. in Supp. of Mot. ("Mem.") (Dkt. 11).) The undersigned referred Plaintiff's motion to Judge Reyes for an R&R. (Apr. 20, 2018, Order Referring Mot.)

On August 7, 2018, Judge Reyes issued an R&R granting in part and denying in part Plaintiff's motion. (See R&R.) First, as to the question of liability, Judge Reyes recommended the court hold the Defendant Establishment liable under the Act but found that liability as to the Individual Defendants had not been established. (See id. at 3-4.) Second, as to the question of damages, Judge Reyes recommended awarding Plaintiff $3200.00, consisting of $1400.00 in statutory damages, $1400.00 in enhanced damages, and $400 in costs. (See id. at 4-7.) Judge Reyes also found that it would be inappropriate to award Plaintiff pre-judgment interest. (See id. at 7.)

Plaintiff timely objected to the R&R. (See Pl. Objs.) Plaintiff agrees with the R&R that the Defendant Establishment can be held liable under the Act, but argues that the R&R was wrong to recommend denial of the motion for default judgment as to the Individual Defendants. (Id. at 2-7.) Plaintiff does not object to the calculation of the damages amount. (Id.) Defendants, as they have not appeared in this action, did not file a response to Plaintiff's objections, and the time to do so has passed.

## II. LEGAL STANDARD

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." Romero v. Bestcare Inc., No. 15-CV-7397 (JS), 2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017) (internal citation omitted); see Impala v. U.S. Dep't of Justice, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision . . . ." (internal citation omitted)); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the [R&R] has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). To obtain this de novo review, an objecting party "must point out the specific portions of the [R&R]" to which objection

4

is made. Sleepy's LLC v. Select Comfort Wholesale Corp., 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

## III. APPLICATION

### A. Liability

As set forth above, Plaintiff objects to the R&R's recommendation that the court find the Defendant Establishment, but not the Individual Defendants, liable. For the following reasons, the court OVERRULES Plaintiff's objection on this ground and GRANTS default judgment with respect to the Defendant Establishment only.

#### 1. The Communications Act of 1934

Section 605(a) of the Act provides, in relevant part, that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communications to any person." If Plaintiff successfully alleges that the Defendant Establishment violated Section 605, then Plaintiff may seek to impose liability on the Individual Defendants under the theories of "vicarious liability" or "contributory infringement." Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997). Vicarious liability arises when a defendant had a "right and ability to supervise that coalesced with an obvious and direct financial interest." Id. (alterations adopted) (quoting Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963)). Contributory

infringement arises when a defendant "authorized" the violations. Id. (citing Sony Corp. v. Universal City Studios, Inc., 464 U.S. 417, 437 (1984)).

2. The Defendant Establishment

Finding no clear error in the R&R's recommendation as to the Defendant Establishment's liability (R&R at 3), the court grants Plaintiff's motion for default judgment with respect to the Defendant Establishment.

3. The Individual Defendants

Plaintiff also seeks to hold the Individual Defendants liable under Section 605 in their capacities as officers, directors, shareholders, or principals of the Defendant Establishment. (See Compl. ¶ 16.) The R&R is correct that Plaintiff makes no allegation of contributory liability, proceeding instead under a theory of vicarious liability. (See R&R at 3.) The court finds that Plaintiff has failed to establish that either of the Individual Defendants should be held vicariously liable.

The Supreme Court has stated that a "formulaic recitation of the elements of a cause of action" is insufficient to establish a prima facie case. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Here, Plaintiff makes boilerplate allegations that both Individual Defendants "had a right and ability to supervise the infringing activities" and "an obvious and direct financial interest in the exploitation of the copyrighted materials." (Compl. ¶¶ 5, 16.) These generic assertions do not establish that either of the Individual Defendants "was positioned to supervise the infringing broadcast, or directly participated in, authorized, or had knowledge of the violation." J & J Sports Prods., Inc. v. Monte Limar Sports Bar Inc., No. 15-CV-3771 (ILG), 2017 WL 933079, at *3 (E.D.N.Y. Mar. 8,

2017). The court cannot conclude on the basis of these allegations that the Individual Defendants can be held vicariously liable.

The complaint further alleges that the Individual Defendants are "listed on The Nest Restaurant & Bar Inc with the New York Department of State, Division of Corporations . . . ." (Compl. ¶ 16.) The court need not decide whether this allegation sufficiently establishes a "right and ability to supervise the infringing activities" because Plaintiff has failed to satisfy the second prong of the test for vicarious liability: an "obvious and direct financial interest." See J & J Sports Prods., Inc. v. LX Food Grocery, Inc., No. 15-CV-6505 (NGG), 2016 WL 6905946, at *3 (E.D.N.Y. Nov. 23, 2016).

When courts in the Second Circuit have imposed vicarious liability under similar circumstances as in the instant case, the plaintiff has shown either "direct or strong indirect evidence of financial gain from the unauthorized broadcast." Monte Limar, 2017 WL 933079, at *3 (citing LX Food Grocery, 2016 WL 6905946, at *3). Direct financial gain has been shown when the establishment accepted a cover charge or an admission fee on the night of the broadcast. LX Food Grocery, 2016 WL 6905946, at *3; see, e.g., J & J Sports Prod., Inc. v. McAdam, No. 14-CV-5461 (PKC), 2015 WL 8483362, at *5 (E.D.N.Y. Dec. 9, 2015) ($20 cover charge); J & J Sports Prods., Inc. v. 1400 Forest Ave. Rest. Corp., No. 13-CV-4299 (FB), 2014 WL 4467774, at *2 (E.D.N.Y. Sept. 9, 2014) ($8 cover charge). In other cases, strong indirect evidence of financial gain has been shown when the bar hosted a large number of patrons, "who would presumably purchase drinks during the broadcast." LX Food Grocery, 2016 WL 6905946, at *3; see, e.g., McAdam, 2015 WL 8483362, at *3 (100 patrons); J & J Sports Prods., Inc. v. Tellez, No. 11-CV-2823 (SMG), 2011 WL 6371521, at *2-3 (E.D.N.Y.

7

Dec. 20, 2011) (85 patrons). But see Monte Limar, 2017 WL 933079, at *3 (rejecting a claim of indirect financial gain despite the presence of 100 patrons).

Plaintiff does not allege that the Defendant Establishment collected a cover charge. Plaintiff's auditor counted 35 patrons present at the Defendant Establishment during the Event (see Mem. at 3), but this assertion is insufficient to establish the Individual Defendants' financial gain. Plaintiff does not specify whether those patrons made any purchases, how this number compares to the number of patrons at the Defendant Establishment on a typical night, or how many of these patrons were actually watching the Event. See J & J Sports Prods., Inc. v. Crazy Willy's Bar, Lounge & Rest., Inc., No. 17-CV-1192 (NGG), 2018 WL 3629595, at *4 (E.D.N.Y. July 31, 2018); J & J Sports Prods., Inc. v. Classico Bar Inc., No. 16-CV-5639 (ADS), 2018 WL 1168582, at *4 (E.D.N.Y. Mar. 6, 2018). In Classico Bar, the district court confronted a situation very similar to the instant allegations: Plaintiff asserted that 25 patrons were at the defendant establishment during the event in question, but made no specific allegations of financial interest by any individual beyond a "formulaic recitation of the elements of a cause of action." Id. at *1, *3-4 (quoting Iqbal, 556 U.S. at 678). Just as the plaintiff's allegations were insufficient to support individual liability in Classico Bar given the lack of supporting information establishing financial gain, so too is that the case here. Plaintiff's only response is to claim that its investigator was present at the Defendant Establishment "during an undercard bout, and there is a reasonable inference that the patronage would have increased leading up to the main event between Saul Alvarez and Erislandy Lara." (Pl. Objs. at 6.) But this assertion, even if true, does not address the lack of well-pleaded allegations necessary to support individual liability in this case.

8

B.  **Damages**

Judge Reyes recommended that the court award Plaintiff $3200.00, consisting of $1400.00 in statutory damages, $1400.00 in enhanced damages, and $400 in costs. (See R&R at 4-7.) Judge Reyes also found that it would be inappropriate to award Plaintiff pre-judgment interest. (See id. at 7.) Plaintiff does not object to the calculation of the damages amount. (See Pl. Objs.)[2] Thus, finding no clear error in the R&R's recommendation as to the damages amount, the court grants Plaintiff's motion for default judgment with respect to the damages amount.

IV.  **CONCLUSION**

The court ADOPTS IN FULL the R&R (Dkt. 13) and GRANTS IN PART and DENIES IN PART Plaintiff's motion for default judgment (Dkt. 10). The court GRANTS Plaintiff's motion for default judgment against Defendant The Nest Restaurant & Bar Inc., and DENIES Plaintiff's motion for default judgment against Defendants Haimdath Sukhdeo and Nalini Garib Sukhdeo. The court AWARDS Plaintiff $3200.00 in damages, consisting of $1400.00 in statutory damages, $1400.00 in enhanced damages, and $400.00 in costs. The Clerk of Court is respectfully DIRECTED to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
August 23, 2018

s/Nicholas Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] Plaintiff states its objection to "the amount of damages assessed against Defendant The Nest Restaurant & Bar, Inc." (Pl. Objs. at 1), but does not further address this point anywhere in its briefing. (See id.) Thus, the R&R's calculation of the damages amount is reviewed for clear error. See, e.g., Pall Corp., 249 F.R.D. at 51 (holding that, if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error"); Mario, 313 F.3d at 766 (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

9